RUSS AUGUST & KABAT
Brian Ledahl (CA SB No. 186579)
Neil A. Rubin (CA SB No. 250761)
Jacob Buczko (CA SB No. 269408)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: bledahl@raklaw.com
E-mail: nrubin@raklaw.com
E-mail: jbuczko@raklaw.com

*Attorneys for Plaintiff Document Security Systems, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

|  |  |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EVERLIGHT ELECTRONICS CO., LTD., and EVERLIGHT AMERICAS, INC., <br><br> Defendants. | Civil Action No. 2:17-cv-04273-JVS-JCG <br><br> **JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Document Security Systems, Inc. ("DSS" or "Plaintiff") makes the following allegations against Defendants Everlight Electronics Co., Ltd. ("Everlight Electronics") and Everlight Americas, Inc. ("Everlight Americas") (collectively "Everlight" or "Defendants").

## PARTIES

1.      Document Security Systems, Inc. is a publicly-traded New York corporation.  Founded in 1984, DSS is a global leader in brand protection, digital

security solutions and anti-counterfeiting technologies.

2.      In November 2016, DSS acquired a portfolio of patents covering technologies used in Light-Emitting Diode ("LED") lighting products, including the patents-in-suit.  The patents in this portfolio were originally assigned to Agilent Technologies, Inc. and/or the successors of its LED business.  Since its recent acquisition of these patents, DSS has worked to expand its business efforts regarding LED technology.  DSS is pursuing both licensing and commercialization of this technology acquisition, and is establishing those activities within its Plano location.

3.      On information and belief, Everlight Electronics Co., Ltd., is a corporation organized and existing under the laws of Taiwan with its principal place of business at No. 6-8, Zhonghua Rd., Shulin Dist., New Taipei City, Taiwan 23860. Upon information and belief, Everlight manufactures light-emitting diode ("LED") products in Taiwan and, through its subsidiary, Defendant Everlight Americas, Inc., imports, sells and/or offers to sell LED products the State of California and elsewhere in the United States.

4.      On information and belief, Everlight Americas, Inc. is a Delaware corporation with its principal place of business at 3220 Commander Dr., Suite 100, Carrollton, Texas, 75006.  Upon information and belief, Everlight Americas imports, sells and/or offers for sale nationwide LED products manufactured by Everlight Electronics, including in the State of California and in this judicial district.  Defendant Everlight Americas can be served through its registered agent, Tao Wang, 4226 Via Angelo, Montclair CA 91763.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants in this action because, among other reasons, Defendants have committed acts within the Central

1   District of California giving rise to this action and have established minimum contacts

2   with the forum state of California, including by establishing a regular and established

3   place of business within this District at 4237 East Airport Dr., Ontario, CA 91761.

4   Defendants directly and/or through subsidiaries or intermediaries (including

5   distributors, retailers, and others), have committed and continue to commit acts of

6   infringement in this District by, among other things, making, using, importing,

7   offering for sale, and/or selling products and/or services that infringe the patents-in-

8   suit.  Thus, Defendants have purposefully availed themselves of the benefits of doing

9   business in the State of California and the exercise of jurisdiction over Defendants

10  would not offend traditional notions of fair play and substantial justice.  Everlight

11  Americas is registered to do business in the State of California, and has appointed Tao

12  Wang, 4226 Via Angelo, Montclair CA 91763 as its agent for service of process.

13      7.  Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b)

14  because Defendants have a regular and established place of business in this District

15  and have committed acts of patent infringement in this District.

16                          **BACKGROUND**

17      8.      DSS is the owner by assignment of United States Patent No. 6,949,771

18  ("the '771 Patent") entitled "Light Source."  The '771 Patent was duly and legally

19  issued by the United States Patent and Trademark Office on September 27, 2005.  A

20  true and correct copy of the '771 Patent is included as Exhibit A.

21      9.      DSS is the owner by assignment of United States Patent No. 7,524,087

22  ("the '087 Patent") entitled "Optical Device."  The '087 Patent was duly and legally

23  issued by the United States Patent and Trademark Office on April 28, 2009.  A true

24  and correct copy of the '087 Patent is included as Exhibit B.

25      10.     DSS is the owner by assignment of United States Patent No. 7,919,787

26  ("the '787 Patent") entitled "Semiconductor Device with a Light Emitting

27  Semiconductor Die."  The '787 Patent was duly and legally issued by the United

28  States Patent and Trademark Office on April 5, 2011.  A true and correct copy of the

1    '787 Patent is included as Exhibit C.

2         11.   DSS is the owner by assignment of United States Patent No. 7,256,486

3    ("the '486 Patent") entitled "Packing Device for Semiconductor Die, Semiconductor

4    Device Incorporating Same and Method of Making Same."  The '486 Patent was duly

5    and legally issued by the United States Patent and Trademark Office on August 14,

6    2007.  A true and correct copy of the '486 Patent is included as Exhibit D.

7         12.DSS owns all rights, title, and interest in and to the '771, '087,'787, and

8    '486 Patents (collectively, "asserted patents" or "patents-in-suit"), including all rights

9    to sue and recover for past and future infringement.

10        13.On March 7, 2017, attorneys for DSS attempted to purchase from

11   Defendants eighteen different representative models of Defendants' products for the

12   purposes of confirming that Defendants infringed the asserted patents prior to filing

13   this lawsuit.  Defendants initially confirmed the order but later cancelled it without

14   notifying DSS or its attorneys.

15   **COUNT I**

16   **INFRINGEMENT OF THE '771 PATENT**

17        14.   DSS references and incorporates by reference paragraphs 1 through 12 of

18   this Complaint.

19        15.   On information and belief, Defendants make, use, offer for sale, sell,

20   and/or import in the United States products and/or services that infringe various

21   claims of the '771 Patent, and continues to do so.   By way of illustrative example,

22   Defendants' infringing products include without limitation, all versions and variations,

23   including predecessor and successor models, of its PLCC Top View SMD LED, 2214

24   package series, 2812 package series, 2835 package series, 3006 package series, 3014

25   package series, 3020 package series, 3216 package series, 3232 package series, 3527

26   package series, 3528 package series, 3809 package series, 3810 package series, 3811

27   package series, 3812 package series, 4040 package series, 4508 package series, 5050

28   package series, and 7450 package series (including, but not limited to, model numbers

EAPL2214BA1, EAPL2214GA0, EAPL2214GA0-AM, EAPL2214GA1, EAPL2214RA0, EAPL2214RA0-AM, EAPL2214RA1-AM, EAPL2214WA0, EAPL2214YA1, EAPL2214YA2, EAPL3527BA1, EAPL3527BA2, EAPL3527BA2-AM, EAPL3527BA3-AM, EAPL3527BA4, EAPL3527BA5, EAPL3527BGRA0, EAPL3527GA0, EAPL3527GA0-AM, EAPL3527GA2, EAPL3527GA3, EAPL3527GA5, EAPL3527GA7, EAPL3527OA1, EAPL3527OA0, EAPL3527RA0, EAPL3527RA1, EAPL3527RA1-AM, EAPL3527RA2, EAPL3527RA3, EAPL3527RA4, EAPL3527RA5, EAPL3527RA6, EAPL3527RA8, EAPL3527WA1, EAPL3527WA5, EAPL3527WA6, EAPL3527WA0, EAPL3527WA7, EAPL3527YA0, EAPL3527YA0-AM, EAPL3527YA3, EAPL3528RGA1, EAPL3528RGBA0, EAPL3528RYA0, EAPL3528WA0, EAPL3527RGBA0, EAPL5050GRBA0, EAPL3527AA1, EAPL3527BA1-AM, EAPL3527GGA0, EAPL2214WA1-AM, EAPL32328RGBA0, EAPL3020BA0, EAPL5050RGBA1, EAPL3527RGBA2, EAPL7450RGBA0, EAPL7450RGBA0, EAPL3527RGA0, EAPL3528OA0-AM, EAPL3527RGBA3, EAPL32328RGBA1, EAHP2835BA1, EAHP2835BA2, EAHP2835GA0, EAHP2835RA0, EAHP2835RA1, EAHP2835RA5, EAHP2835YA0, EAHP2835YA1, EAPL2835GA0, EAPL2835GA1, EAPL2835RA0, EAPL2835RA1, EAPL2835RA2, EAPL2835RA3, EAPL2835YA1, EAPL2835YA0, EAPL2835RA8, EAPL2835RA7, EAPL2835GA2, EAPL2835BA3, EAPL2835BA2, EAPL2835RA9, EAPL2835YA2, EAPL3030BA0, EAPL3030RA0, EAPL3030RA1, EAPL2835BA4, EAPL2835RB0, EASRL3216GA0, EASRL3216GA1, EASRL3216RA0, EASRL3216YA0, EAPL3527WA2, EAPL3527WA3, EASRL3216BA1, EASRL3216BA2, EASRL3216WA2, EAPL3527WA8, EASRL3216GA3, EASRL3216RA1, EAPL4040BA0, EAPL4040GA0, EAPL4040GA0-AM, EAPL4040RA0, EAPL4040WA0, EAPL4040WA1, EAPL4040YA0, EAPL4040WA0-AM, EAPL4040WA1-AM, EAPL4040YA1, EAPL2812BA0, EAPL2812BA1, EAPL2812GA0, EAPL2812RA0, EAPL2812YA0, EAPL2812WA0, EAPL3812BA0,

1  EAPL3812WA0, EAPL4508RGBA0, EAPL4508GRA1, EAPL3809WA1,

2  EAPL3810A0, EAPL3810A2, EAPL3810A3, EAPL3810A4, EAPL3810A5,

3  EAPL3810A7, EAPL3810A8, EAPL3810A9, EAPL3810A10, EAPL3810A12,

4  EAPL3810A1, EAPL3810A6, EAPL3810A11, EAPL3810A14, EAPL3810A13,

5  EAPL3810A16, EASV3006WA0, EAPL3811WA1, EAPL3811WA2,

6  EAPL3811WA0, EAPL3014WA1.)  Defendants' infringing products also include

7  products, e.g., light bulbs, displays and fixtures that contain at least one infringing

8  LED product. Defendants' infringing products are collectively referred to hereinafter

9  as "'771 Accused Instrumentalities."

10      16.    On information and belief, Defendants have directly infringed and

11  continue to directly infringe the '771 Patent by, among other things, making, using,

12  offering for sale, selling, and/or importing the '771 Accused Instrumentalities.  On

13  information and belief, such products and/or services are covered by one or more

14  claims of the '771 Patent's including at least claims 1 to 8 because they contain each

15  element of those claims.

16      17.    As an illustrative example, Defendants import, sell, and offer to sell its

17  EAPL32328RGBA0 (Luminosity Full Color LED) products.  Defendants'

18  EAPL32328RGBA0 LED infringes, for example, Claim 3 of the '771 patent because

19  it is a light source comprising a substrate having opposing first and second surfaces,

20  the substrate defining an aperture extending from the first surface to the second

21  surface, said aperture having a first opening in the first surface and second opening in

22  said second surface:



18.     Defendants' PLCC Top View SMD LED also includes a platform covering said first opening, said platform being located outside said aperture:




19.     Defendants' EAPL32328RGBA0 LED also includes a light emitting diode mounted on the platform within the aperture, and a transparent encapsulant material encapsulating the light emitting diode in the aperture:

**Device Selection Guide**

| Type | Chip Materials | Emitted Color | Resin Color |
|------|---------------|---------------|-------------|
| RE | AlGaInP | Brilliant Red | Water Clear |
| GB | InGaN / SiC | Brilliant Green | Water Clear |
| B2 | InGaN / SiC | Blue | Water Clear |

20.     Defendants' EAPL32328RGBA0 LED's "platform" is made from thermally conductive material for conducting heat away from the light emitting diode because the "platform" comprises a metal lead frame designed to conduct heat away from the light emitting diode.

21.     By making, using, offering for sale, selling, and/or importing the '771 Accused Instrumentalities infringing the '771 Patent, Defendants have injured DSS and are liable to DSS for infringement of the '771 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

22.     In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, to directly infringe each and every claim limitation, including without limitation claims 1 to 8 of the '771 Patent, in violation of 35 U.S.C. § 271(b).  Upon information and belief, Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claims 1 to 8 of the '771 Patent. Defendants have had actual knowledge of the '771 Patent at least as of the date they were served with the Complaint in case 2:17-cv-310, which was filed on April 13, 2017.  Defendants are knowingly inducing their customers and/or end users to directly infringe the '771 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '771 Patent.  The '771 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose and/or as Defendants manufacture the products, the user infringes the '771 Patent.  Defendants know and intend that customers that purchase the '771 Accused Instrumentalities will use those products for their intended purpose and/or not alter the relevant infringing characteristics of the products.

23.     Defendants specifically intend its United States customers infringe the '771 patent through use of the '771 Accused Instrumentalities in this country by at least advertising and promoting the use (e.g., "Applications" below) of the '771 Accused Instrumentalities on its United States website:  See, e.g.,

1    https://everlightamericas.com/plcc/2519/eapl3232rgba0.html.

2

3

4    **Applications:**
     Automotive backlighting or indicator: Interior and exterior lighting, Dashboard, switch, reading lamp, audio and video equipments... etc.
     Backlight: LCD, switches, symbol, mobile phone and illuminated advertising.

5    Display for indoor and outdoor application.
     Ideal for coupling into light guides.

6    Substitution of traditional light.
     General applications.

7    Optical indicator.

8         24.     Defendants also specifically intend their customers infringe the '771

9    Patent through use of the '771 Accused Instrumentalities through trade show

10   presentations, customer visits, direct customer contacts and application guides.

11   Defendants also specifically intend their customers to infringe the '771 Patent through

12   selling '771 Accused Instrumentalities overseas with the specific intent that the

13   customer import, offer to sell, and/or sell the '771 Accused Instrumentalities in order

14   to develop and serve the United States market for Defendants' LED products, either

15   alone or used in products such as bulbs, displays, consumer products and/or fixtures.

16   Such customers include Defendants' LED distributors, consumer products companies

17   and retailers that serve the United States market.  See, e.g.,

18   https://everlightamericas.com/content/19/Dists, naming Arrow Electronics, Avnet

19   Electronics, Digikey Electronics, Future Electronics, Mouser Electronics, Marsh

20   Electronics, Inc., and Hughes Peters as "North American Authorized Distributors."

21        25.     Defendants have been aware of the '771 Patent and of its infringement at

22   least as of the date they were served with the Complaint in case 2:17-cv-310, which

23   was filed on April 13, 2017.  Since that date, Defendants have failed to investigate and

24   remedy their infringement of the '771 Patent and thus willfully and egregiously

25   continue to infringe the '771 Patent.  On information and belief, Defendants continued

26   to offer infringing products without having modified or altered those products in a

27   manner that would not infringe the '771 patent.  Defendants, at the very least, have

28   been egregiously and willfully blind to infringement of the '771 Patent.  Further

1  evidence of Defendants' egregious and willful infringement are the acts of active

2  inducement described in this Complaint.  Defendants actively induce and encourage

3  customers to make, use, sell, offer to sell and/or import the '771 Accused

4  Instrumentalities with knowledge that these acts constitute infringement of the '771

5  Patent, with the purpose of, *inter alia*, developing and serving the United States

6  market for Defendants' LED products and consumer devices that include Defendants'

7  products.

8      26.    As a result of Defendants' infringement of the '771 Patent, DSS has

9  suffered monetary damages in an amount adequate to compensate for Defendants'

10  infringement, but in no event less than a reasonable royalty for the use made of the

11  invention by Defendants, together with interest and costs as fixed by the Court.

12                              **COUNT II**

13              **INFRINGEMENT OF THE '087 PATENT**

14      27.    DSS references and incorporates by reference paragraphs 1 through 26 of

15  this Complaint.

16      28.    On information and belief, Defendants make, use, offer for sale, sell,

17  and/or import in the United States products and/or services that infringe various

18  claims of the '087 Patent, and continues to do so.   By way of illustrative example,

19  Defendants' infringing products include without limitation, all versions and

20  variations, including predecessor and successor models of its PLCC Top View SMD

21  LED, 2214 package series, 3006 package series, 3014 package series, 3020 package

22  series, 3527 package series, 3528 package series, 3810 package series, 4040 package

23  series, 4508 package series, 5050 package series, and 7450 package series (including,

24  but not limited to model numbers EAPL2214BA1, EAPL2214GA0, EAPL2214GA0-

25  AM, EAPL2214GA1, EAPL2214RA0, EAPL2214RA0-AM, EAPL2214RA1-AM,

26  EAPL2214WA0, EAPL2214YA1, EAPL2214YA2, EAPL3527BA1,

27  EAPL3527BA2, EAPL3527BA2-AM, EAPL3527BA3-AM, EAPL3527BA4,

28  EAPL3527BA5, EAPL3527BGRA0, EAPL3527GA0, EAPL3527GA0-AM,

EAPL3527GA2, EAPL3527GA3, EAPL3527GA5, EAPL3527GA7,
EAPL3527OA1, EAPL3527OA0, EAPL3527RA0, EAPL3527RA1, EAPL3527RA1-
AM, EAPL3527RA2, EAPL3527RA3, EAPL3527RA4, EAPL3527RA5,
EAPL3527RA6, EAPL3527RA8, EAPL3527WA1, EAPL3527WA5,
EAPL3527WA6, EAPL3527WA0, EAPL3527WA7, EAPL3527YA0,
EAPL3527YA0-AM, EAPL3527YA3, EAPL3528RGA1, EAPL3528RGBA0,
EAPL3528RYA0, EAPL3528WA0, EAPL3527RGBA0, EAPL5050GRBA0,
EAPL3527AA1, EAPL3527BA1-AM, EAPL3527GGA0, EAPL2214WA1-AM,
EAPL3020BA0, EAPL5050RGBA1, EAPL3527RGBA2, EAPL3527RGA0,
EAPL3528OA0-AM, EAPL3527RGBA3, EAPL4040BA0, EAPL4040GA0,
EAPL4040GA0-AM, EAPL4040RA0, EAPL4040WA0, EAPL4040WA1,
EAPL4040YA0, EAPL4040WA0-AM, EAPL4040WA1-AM, EAPL4040YA1,
EAPL4508RGBA0, EAPL4508GRA1, EAPL4508RGBA5, EAPL4508RGBA4,
EAPL4508RGBA3, EAPL3810A0, EAPL3810A2, EAPL3810A3, EAPL3810A4,
EAPL3810A5, EAPL3810A7, EAPL3810A8, EAPL3810A9, EAPL3810A10,
EAPL3810A12, EAPL3810A1, EAPL3810A6, EAPL3810A11, EAPL3810A14,
EAPL3810A13, EAPL3810A16, EASV3006WA0, EAPL3014WA1.) Defendants'
infringing products also include products, e.g., light bulbs, displays and fixtures that
contain at least one infringing LED product.  Defendants' infringing products are
collectively referred to hereinafter as "'087 Accused Instrumentalities."

     29.    On information and belief, Defendants have directly infringed and
continue to directly infringe the '087 Patent by, among other things, making, using,
offering for sale, selling, and/or importing the '087 Accused Instrumentalities.  On
information and belief, such products and/or services are covered by one or more
claims of the '087 Patent's including at least claim 1 because they contain each
element of that claim.

30.     As an illustrative example, Defendants import, sell, and offer to sell its 5050 package series (e.g. EAPL5050RGBA1.)  Defendants' EAPL5050RGBA1 infringes, for example, Claim 1 of the '087 patent because it is an optical device comprising a lead frame with a plurality of leads:



31.     Defendants' EAPL5050RGBA1 also includes a reflector housing formed around the lead frame, the reflector housing having a first end face and a second end face and a peripheral sidewall extending between the first end face and the second end face, the reflector housing having a first pocket with a pocket opening in the first end face and a second pocket opening in the second end face:



32.     Defendants' EAPL5050RGBA also includes at least one LED die mounted in the first pocket of the reflector housing and a light transmitting encapsulant disposed in the first pocket and encapsulating the at least one LED die:



33.     Defendants' EAPL5050RGBA includes a plurality of lead receiving compartments formed in the peripheral sidewall of the reflector housing:



34.     By making, using, offering for sale, selling, and/or importing the '087 Accused Instrumentalities infringing the '087 Patent, Defendants have injured DSS and are liable to DSS for infringement of the '087 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

35.     In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, to directly infringe each and every claim limitation, including without limitation claim 1 of the '087 Patent, in violation of 35 U.S.C. § 271(b).  Upon information and belief, Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '087 Patent.  Defendants

have had actual knowledge of the '087 Patent at least as of the date they were served with the Complaint in case 2:17-cv-310, which was filed on April 13, 2017. Defendants are knowingly inducing their customers and/or end users to directly infringe the '087 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '087 Patent.  The '087 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose and/or as Defendants manufactured the products, the user infringes the '087 Patent.  Defendants know and intend that customers that purchase the '087 Accused Instrumentalities will use those products for their intended purpose and/or not alter the infringing characteristics of the products.

36.    Defendants specifically intend their United States customers infringe the '087 patent through use of the '087 Accused Instrumentalities in this country by at least advertising and promoting the use (e.g., "Applications" below) of the '087 Accused Instrumentalities on its United States website:  See, e.g., https://everlightamericas.com/plcc/2601/eapl5050rgba1.html.

**Applications:**
Amusement equipment.
Information boards.
Flashlight for digital camera of cellular phone.

37.    Defendants also specifically instruct and intend its customers infringe at least Claim 9 of the '087 patent by instructing users to include a plurality of '087 Accused Instrumentalities in a display.  See, e.g., https://everlightamericas.com/plcc/1642/eapl3528rgba0.html:

**Applications:**
Indoor signage display applications
Indicator and backlighting for all consumer electronics.
Gaming equipment.
General use.

38.    Defendants also specifically intend their customers infringe the '087 Patent through use of the '087 Accused Instrumentalities through trade show presentations, customer visits, direct customer contacts and application guides. Defendants also specifically intend their customers to infringe the '087 Patent through selling '087 Accused Instrumentalities overseas with the specific intent that the customer import, offer to sell, and/or sell the '087 Accused Instrumentalities in order to develop and serve the United States market for Defendants' LED products, either alone or used in products such as bulbs, displays and/or fixtures.  Such customers include Defendants' LED distributors, consumer products companies and retailers that serve the United States market.  See, e.g., https://everlightamericas.com/content/19/Dists, naming Arrow Electronics, Avnet Electronics, Digikey Electronics, Future Electronics, Mouser Electronics, Marsh Electronics, Inc., and Hughes Peters as "North American Authorized Distributors."

39.    Defendants have been aware of the '087 Patent and of its infringement at least as of the date they were served with the Complaint in case 2:17-cv-310, which was filed on April 13, 2017.  Since that date, Defendants have failed to investigate and remedy their infringement of the '087 Patent and thus willfully and egregiously continue to infringe the '087 Patent.  On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '087 patent.  Defendants, at the very least, have been egregiously and willfully blind to infringement of the '087 Patent.  Further

evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint.  Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '087 Accused Instrumentalities with knowledge that these acts constitute infringement of the '087 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer devices that include Defendants' products.

40.     As a result of Defendants' infringement of the '087 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF THE '787 PATENT

41.     DSS references and incorporates by reference paragraphs 1 through 40 of this Complaint.

42.     On information and belief, Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '787 Patent, and continues to do so.   By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of its 3045 package series, and 3535 package series.  Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product. Defendants' infringing products are collectively referred to hereinafter as "'787 Accused Instrumentalities."

43.     On information and belief, Defendants have directly infringed and continue to directly infringe the '787 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '787 Accused Instrumentalities.  On information and belief, such products and/or services are covered by one or more

claims of the '787 Patent's including at least claim 7 because they contain each element of that claim.

44.    As an illustrative example, Defendants import, sell and offer to sell their 3045 package series.  Defendants' 3045 package series (e.g., EAHP3045BA0) infringe, for example, Claim 7 of the '787 patent because it is a semiconductor device comprising a substantially planar substrate having first and second major surfaces, the first and second major surfaces being opposed surfaces:



45.    Defendants' EAHP3045BA0 also includes first and second electrically conductive bonding pads located on the first major surface:



46.     Defendants' EAHP3045BA0 also includes a light emitting semiconductor die comprising a top major light emitting surface and an oppositely-disposed bottom major surface, the light emitting semiconductor die having an anode and a cathode on the bottom major surface of the light emitting semiconductor die, the semiconductor light emitting die being mounted on the first and second electrically conductive bonding pads such that the anode of the light emitting semiconductor die is electrically connected to the first electrically conductive bonding pad and the cathode of the light emitting semiconductor die is electrically connected to the second electrically conductive bonding pad:



47.     Defendants' EAHP3045BA0 also includes first and second electrically conductive connecting pads located on the second major surface.



48.    Defendants' EAHP3045BA0 also includes a first electrically conductive interconnecting element electrically connected to the first electrically conductive bonding pad and the first electrically conductive connecting pad; and a second electrically conductive interconnecting element electrically connected to the second electrically conductive bonding pad and the second electrically conductive connecting pad:



49.     The bottom major surface of the light emitting semiconductor die in Defendants' EAHP3045BA0 is a bottom surface of a substrate of the die, each of the anode and cathode comprises a metallization layer formed on the bottom major surface of the light emitting semiconductor die:



50.     By making, using, offering for sale, selling, and/or importing the '787 Accused Instrumentalities infringing the '787 Patent, Defendants have injured DSS and are liable to DSS for infringement of the '787 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

51.     In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, to directly infringe each and every claim limitation, including without limitation claims 1 and 7 of the '787 Patent, in violation of 35 U.S.C. § 271(b).  Upon information and belief, Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claims 1 and 7 of the '787 Patent. Defendants have had actual knowledge of the '787 Patent at least as of the date they were served with the Complaint in case 2:17-cv-310, which was filed on April 13,

1   2017.  Defendants are knowingly inducing their customers and/or end users to directly

2   infringe the '787 Patent, with the specific intent to encourage such infringement, and

3   knowing that the induced acts constitute patent infringement.  Defendants'

4   inducement includes, for example, providing technical guides, product data sheets,

5   demonstrations, software and hardware specifications, installation guides, and other

6   forms of support that induce their customers and/or end users to directly infringe the

7   '787 Patent.  The '787 Accused Instrumentalities are designed in such a way that

8   when they are used for their intended purpose and/or as Defendants manufacture the

9   products, the user infringes the '787 Patent.  Defendants know and intend that

10  customers that purchase the '787 Accused Instrumentalities will use those products for

11  their intended purpose and/or not alter the infringing characteristics of the products.

12      52.     Defendants specifically intend their United States customers infringe the

13  '787 patent through use of the '787 Accused Instrumentalities in this country by at

14  least advertising and promoting the use (e.g., hyperlinked "Application" below) of the

15  '787 Accused Instrumentalities on its United States website:  See, e.g.,

16  https://everlightamericas.com/horticulture-color-lighting-

17  leds/1207/EAHP3045BA0.html.

18

19  **Applications**
    General Lighting

20  Decorative and Entertainment Lighting

21  Signal and Symbol Luminaries for orientation marker lights (e.g. steps, exit ways, etc.)

22  Exterior and Interior Automotive Illumination

23  Agriculture Lighting

24      53.     Defendants also specifically intend their customers infringe the '787

25  Patent through use of the '787 Accused Instrumentalities through trade show

26  presentations, customer visits, direct customer contacts and application guides.

27  Defendants also specifically intend their customers to infringe the '787 Patent through

28  selling '787 Accused Instrumentalities overseas with the specific intent that the

1  customer import, offer to sell, and/or sell the '787 Accused Instrumentalities in order

2  to develop and serve the United States market for Defendants' LED products, either

3  alone or used in products such as bulbs, displays, consumer products and/or fixtures.

4  Such customers include Defendants' LED distributors, consumer products companies

5  and retailers that serve the United States market.  See, e.g.,

6  https://everlightamericas.com/content/19/Dists, naming Arrow Electronics, Avnet

7  Electronics, Digikey Electronics, Future Electronics, Mouser Electronics, Marsh

8  Electronics, Inc., and Hughes Peters as "North American Authorized Distributors."

9      54.    Defendants have been aware of the '787 Patent and of its infringement at

10  least as of the date they were served with the Complaint in case 2:17-cv-310, which

11  was filed on April 13, 2017.  Since that date, Defendants have failed to investigate and

12  remedy their infringement of the '787 Patent and thus willfully and egregiously

13  continue to infringe the '787 Patent.  On information and belief, Defendants continued

14  to offer infringing products without having modified or altered those products in a

15  manner that would not infringe the '787 patent.  Defendants, at the very least, have

16  been egregiously and willfully blind to infringement of the '787 Patent.  Further

17  evidence of Defendants' egregious and willful infringement are the acts of active

18  inducement described in this Complaint.  Defendants actively induce and encourage

19  customers to make, use, sell, offer to sell and/or import the '787 Accused

20  Instrumentalities with knowledge that these acts constitute infringement of the '787

21  Patent, with the purpose of, *inter alia*, developing and serving the United States

22  market for Defendants' LED products and consumer devices that include Defendants'

23  products.

24      55.    As a result of Defendants' infringement of the '787 Patent, DSS has

25  suffered monetary damages in an amount adequate to compensate for Defendants'

26  infringement, but in no event less than a reasonable royalty for the use made of the

27  invention by Defendants, together with interest and costs as fixed by the Court.

28

## <u>COUNT IV</u>

## <u>INFRINGEMENT OF THE '486 PATENT</u>

56.     DSS references and incorporates by reference paragraphs 1 through 55 of this Complaint.

57.     On information and belief, Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '486 Patent, and continues to do so.   By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of its 3045 package series, and 3535 package series. Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product. Defendants' infringing products are collectively referred to hereinafter as "'486 Accused Instrumentalities."

58.     On information and belief, Defendants have directly infringed and continues to directly infringe the '486 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '486 Accused Instrumentalities.  On information and belief, such products are covered by one or more claims of the '486 Patent including at least claim 1 because they contain each element of that claim.

59.     As an illustrative example, Defendants import, sell, and offer to sell their 3045 package series (e.g., EAHP3045BA0).  Defendants' EAHP3045BA0 infringes, for example, Claim 1 of the '486 patent because it is a semiconductor device comprising a substantially planar substrate having opposed major surfaces:



60.    Defendants' EAHP3045BA0 also includes an LED having a metallized bottom major surface that is mounted on the electrically conductive mounting pad, the metallized bottom major surface comprising one:



61. Defendants' EAHP3045BA0 also includes a first electrically conductive connecting pad located on the other of the major surfaces of the substrate:



62. Defendants' EAHP3045BA0 also includes a first electrically conductive interconnecting element extending through the substrate and electrically interconnecting the mounting pad and the first electrically conductive connecting pad:



63.     By making, using, offering for sale, selling, and/or importing the '486 Accused Instrumentalities infringing the '486 Patent, Defendants have injured DSS and is liable to DSS for infringement of the '486 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

64.     In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, to directly infringe each and every claim limitation, including without limitation claim 1 of the '486 Patent, in violation of 35 U.S.C. § 271(b).  Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '486 Patent.  Defendants have had actual knowledge of the '486 Patent at least as of the date they were served with the Complaint in case 2:17-cv-310, which was filed on April 13, 2017.  Defendants are knowingly inducing their customers and/or end users to directly infringe the '486 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '486 Patent.  The '486 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose and/or as Defendants manufacture the products, the user infringes the '486 Patent.  Defendants know and intend that customers that purchase the '486 Accused Instrumentalities will use those products for their intended purpose and/or not alter the infringing characteristics of the products.

65.     Defendants specifically intends its United States customers infringe the '486 patent through use of the '486 Accused Instrumentalities in this country by at least advertising and promoting the use (e.g., hyperlinked "Application" below) of the '486 Accused Instrumentalities on its United States website:  See, e.g.,

1   https://everlightamericas.com/horticulture-color-lighting-
2   leds/1207/EAHP3045BA0.html.

3

4   **Applications:**
5   Amusement equipment.
6   Information boards.
7   Flashlight for digital camera of cellular phone.

8

9       66.     Defendants also specifically intend their customers infringe the '486
10  Patent through use of the '486 Accused Instrumentalities through trade show
11  presentations, customer visits, direct customer contacts and application guides.
12  Defendants also specifically intend their customers to infringe the '486 Patent through
13  selling '486 Accused Instrumentalities overseas with the specific intent that the
14  customer import, offer to sell, and/or sell the '486 Accused Instrumentalities in order
15  to develop and serve the United States market for Defendants' LED products, either
16  alone or used in products such as bulbs, displays, consumer products and/or fixtures.
17  Such customers include Defendants' LED distributors, consumer products companies
18  and retailers that serve the United States market.  See, e.g.,
19  https://everlightamericas.com/content/19/Dists, naming Arrow Electronics, Avnet
20  Electronics, Digikey Electronics, Future Electronics, Mouser Electronics, Marsh
21  Electronics, Inc., and Hughes Peters as "North American Authorized Distributors."
22      67.     Defendants have been aware of the '486 Patent and of its infringement at
23  least as of the date they were served with the Complaint in case 2:17-cv-310, which
24  was filed on April 13, 2017.  Since that date, Defendants have failed to investigate and
25  remedy their infringement of the '486 Patent and thus willfully and egregiously
26  continue to infringe the '486 Patent.  On information and belief, Defendants continued
27  to offer infringing products without having modified or altered those products in a
28  manner that would not infringe the '486 patent.  Defendants, at the very least, have

been egregiously and willfully blind to infringement of the '486 Patent.  Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint.  Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '486 Accused Instrumentalities with knowledge that these acts constitute infringement of the '486 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer devices that include Defendants' products.

68.    As a result of Defendants' infringement of the '486 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from this Court:

A.    A judgment that Defendants have infringed one or more claims of the '771, '087, '787, and/or '486 Patents;

B.    A judgment and order requiring Defendants to pay DSS its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

C.    A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to DSS, including, without limitation, prejudgment and post-judgment interest;

D.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to DSS its reasonable attorneys' fees against Defendants; and

E.    Any and all other relief to which DSS may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DSS requests a

1  trial by jury of any issues so triable by right.

2

3  Dated:  November 30, 2017          By:   _Brian Ledahl_

4                                          RUSS AUGUST & KABAT
                                           Brian Ledahl (CA SB No. 186579)
5                                          Neil A. Rubin (CA SB No. 250761)
                                           Jacob Buczko (CA SB No. 269408)
6                                          RUSS AUGUST & KABAT
                                           12424 Wilshire Boulevard 12th Floor
7                                          Los Angeles, California 90025
                                           Telephone: 310-826-7474
8                                          Facsimile: 310-826-6991
                                           E-mail: bledahl@raklaw.com
9                                          E-mail: nrubin@raklaw.com
                                           E-mail: jbuczko@raklaw.com
10
                                           Attorneys for Plaintiff,
11                                         _Document Security Systems, Inc._

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28